IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
DAVID M. SIMON and MARGARET    )
S. SIMON,                      )
                               )
          Plaintiffs,          )     8:10CV201
                               )
     v.                        )
                               )
I.R.S.,                        )     MEMORANDUM AND ORDER
                               )
          Defendant.           )
_____)
```

Plaintiffs filed their original complaint in this matter on May 21, 2010, and subsequently filed an amended complaint on June 3, 2010 (Filing Nos. 1 and 6). Plaintiffs have been given leave to proceed in forma pauperis (Filing Nos. 7 and 10). The Court now conducts an initial review of plaintiffs' amended complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   **SUMMARY OF COMPLAINT**

Plaintiffs filed an amended complaint on June 3, 2010, against the Internal Revenue Service ("IRS")(Filing No. 6). Plaintiffs allege they claimed tax deductions for the business use of their 2001 Dodge Caravan for tax years 2003 and 2004, and the IRS denied the deductions (Filing No. 6 at CM/ECF pp. 2 and 7). Plaintiffs subsequently filed a claim for abatement and/or refund of taxes with the IRS, which the IRS denied. (*Id.* at CM/ECF p. 7.) On April 28, 2010, the IRS advised plaintiffs that they could "pursue this matter further by filing suit in either the United States District Court or the United States Court of Federal Claims," but had to do so within two years. (*Id.*)

Plaintiffs filed suit in this Court on May 21, 2010 (Filing No. 1). Liberally construed, plaintiffs seek a refund of taxes charged to them by the IRS (Filing No. 6 at CM/ECF p. 2).

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. &*

*Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

#### A. Sovereign Immunity

Liberally construed, this is an action for recovery of federal income tax allegedly erroneously assessed and collected by defendant. Defendant in this matter is an agency of the United States. "Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued. . . . This consent must be unequivocally expressed in statutory text . . . and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign." *Miller v. Tony and Susan Alamo Found.*, 134 F.3d 910, 915 (8th Cir. 1998). The United States has given its consent to be sued for refunds of federal taxes in a carefully articulated statutory scheme. *Hansen v. United States*, 248 F.3d 761, 763 (8th Cir.2001) (citations omitted). In addition, "Congress has determined that district courts have original jurisdiction of '[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected.'" *Id.* (quoting 28 U.S.C. § 1346(a)(1)). However, the Supreme Court has held that "waiver of sovereign immunity is not unconditional," and a taxpayer seeking a tax refund "must have paid the disputed tax in full and have duly filed an administrative claim for a refund." *Hansen*, 248 F.3d at

764 (citing *United States v. Dalm*, 494 U.S. 596, 601-02 (1990)); *see also* 26 U.S.C. § 7422(a).

The Court makes the preliminary determination that sovereign immunity does not bar plaintiffs' suit where, liberally construed, plaintiffs have alleged that the IRS erroneously or illegally collected an internal-revenue tax, plaintiffs paid the disputed tax in full, and duly filed an administrative claim for a refund. (*See* Filing No. 6 at CM/ECF p. 7.) However, the Court cautions plaintiffs that this is only a preliminary determination based on the allegations of the complaint and is not a final determination of the issue.

### B.  Claim for Refund of Federal Taxes

As set forth above, plaintiffs allege they claimed tax deductions for the business use of their 2001 Dodge Caravan for tax years 2003 and 2004, and the IRS wrongfully denied the deductions (Filing No. 6 at CM/ECF p. 2).

Deductions provided in the Internal Revenue Code depend upon legislative grace and are allowable only to the extent authorized by statute, and not on the basis of general equitable considerations. *M. F. A. Central Co-op v. Bookwalter*, 427 F.2d 1341, 1344 (8th Cir. 1970). Further, the burden is on the taxpayer seeking to deduct business expenses to establish that the expenses were both necessary and ordinary. *Id.* at 1343. Under 26 U.S.C. §§ 274(d)(4) and 280F(d)(4)(A), a taxpayer must substantiate an automobile-related deduction by adequate records maintained by the taxpayer or by sufficient evidence

-4-

corroborating the taxpayer's own statement.  *See also* 26 C.F.R. § 1.274-5T(b).

Here, plaintiffs have provided 11 pages of detailed, hand-written mileage reports for the business use of their 2001 Dodge Caravan (Filing No. 6 at CM/ECF pp. 8-19).  The Court finds that these allegations are sufficient to nudge their income-tax refund claim across the line from conceivable to plausible.  Again, the Court cautions plaintiffs that this is only a preliminary determination based on the allegations of the complaint and is not a determination of the merits of plaintiffs' claims or potential defenses thereto.  Accordingly,

IT IS ORDERED:

1. Plaintiffs' claim against defendant may proceed and service is now warranted.

2. To obtain service of process on defendant, plaintiffs must complete and return the summons forms which the clerk of the court will provide.  The clerk of the court shall send one summons form and one USM-285 form to plaintiffs, together with a copy of this memorandum and order.  Plaintiffs shall, as soon as possible, complete the forms and send the completed forms back to the clerk of the court.  In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the clerk of the court will sign the summons forms, to be forwarded with a copy of the complaint, to the U.S. Marshal for service of process.  The Marshal shall serve the summons and complaint

without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.  The clerk of the court will copy the complaint, and plaintiffs do not need to do so.

       4.  Federal Rule of Civil Procedure 4 requires service of a complaint on a defendant within 120 days of filing the complaint.  However, because in this order plaintiffs are informed for the first time of these requirements, plaintiffs are granted an extension of time until 120 days from the date of this order to complete service of process.  See Federal Rule of Civil Procedure 4(i) or directions on who to serve in this case.

       5.  Plaintiffs are hereby notified that failure to obtain service of process on the defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  Defendant has 60 days after receipt of the summons to answer or otherwise respond to the complaint.

       6.  The clerk of the court is directed to set a pro se case management deadline in this case with the following text: "**January 28, 2011:**   Check for completion of service of summons."

       7.  The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.  Plaintiffs shall keep the Court informed of their current address at all times

while this case is pending.  Failure to do so may result in dismissal.

>DATED this 12th day of October, 2010.
>
>>BY THE COURT:
>>
>>/s/ Lyle E. Strom
>>_____
>>LYLE E. STROM, Senior Judge
>>United States District Court

---

* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.